UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre B. Alston, #264762, | ) C/A No. 6:07-2724-RBH-WMC |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Warden, Lieber Correctional Institution, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus has been submitted to the Court *pro se* by a state prison inmate.[1] Although the Petition filed in this case was submitted to the Court on a partially completed, but clearly denoted, court-approved form intended for petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Entry 1), in response to the initial Order issued in this case (Entry 5), Petitioner objects to this case being considered under § 2254, and requests that this case be considered as one filed pursuant to 28 U.S.C. § 2241. In his objections, Petitioner states: "UNDER SUCH PROVISIONS [South Carolina PCR statutes] BEFORE A COURT OF COMMON PLEAS [a third PCR application] WOULD BE DEEMED SUCCESSIVE, AND THE PETITIONER WOULD BE PROCEDURALLY BARRED UNDER 28 U.S.C. § 2254 BY THE APPLICABLE STATUTE OF LIMITATIONS. THEREFORE, THE PETITIONER MOTIONS THAT THESE

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

PROCEEDINGS BE CONFIRMED UNDER 28 U.S.C. § 2241 THE WAY PETITIONER ORIGINALLY FILED THIS CASE." (Entry 6, at 1).

As stated above, the originally submitted Petition is written on a § 2254 form and there is no mention whatsoever anywhere on the Petition of 28 U.S.C. § 2241. Although he referenced an "attached memorandum" in the Petition, no such memorandum was submitted to this Court until Petitioner filed his "objections" to the initial Order in this case. The objections document references § 2241, but the forty (40)-page memorandum submitted along with the objections contains no references to § 2241. The memorandum and the objections document both contain contentions that the Petitioner's 2000 Berkeley County murder and attempted armed robbery convictions are invalid, and that his convictions and sentences should be vacated and his record expunged. (Entry 6, exh. 1, at 40). The undersigned will grant Petitioner's motion contained in his objections, and this case shall be considered for purposes of this Report and Recommendation as one filed pursuant to § 2241. In the Order accompanying this Report, the Clerk of Court is directed to revise the docket of the case to indicate that it is a § 2241 petition for writ of habeas corpus case rather than a § 2254 case.

Petitioner claims that his murder and attempted armed robbery convictions violate his 5th, 6th, and 14th amendment rights due to an insufficient (for several reasons) grand jury indictment, the resulting lack of subject matter jurisdiction for the state court to enter the conviction, and the failure of his legal counsel to object to the violations. He also contends that his constitutional rights were violated by certain procedural rulings (a continuance, constructive amendment to the indictment) made by the state court judge in connection with his criminal case. Petitioner does not claim that any constitutional violations occurred

in connection with his sentences, nor does he complain about the way those sentences are being executed during his incarceration.

### **Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901

3

F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## **Analysis**

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because all of Petitioner's claims about the underlying validity of his state criminal convictions are cognizable only under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241. *See Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004)(relying on *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), and holding: "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition.")*; White v. Lambert,* 370 F.3d 1002, 1005-09 (9th Cir. 2004)(explaining the distinctions between § 2254 and § 2241; where a prisoner is in custody *under a state court judgment*, § 2254 is exclusive jurisdictional grant); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)(same); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000) (same). It has been specifically held that prisoners who are in custody under a state court judgment, like Petitioner here, may not resort to § 2241 in an attempt to circumvent the procedural requirements of § 2254 such as the statute of limitations and the restrictions on second or successive petitions. *See, e.g., Rittenberry v. Morgan*, 468 F.3d 331, 336n.3, 337-38 (6th Cir. 2006); *Thomas ,* 371 F.3d at 787; *Walker*, 216 F.3d at 633; *Greenawalt v. Stewart*, 105 F.3d 1287, 1287 (9th Cir. 1997).

This case is virtually identical to a case recently disposed of by this Court, citing both *Thomas* and *Medberry* to summarily dismiss a Petition filed by a state prisoner who, like Petitioner herein, refused to submit a § 2254 petition when directed to do so by the Court and demanded that his originally submitted pleading be considered as a petition filed under § 2241 because it would be untimely under § 2254. *Harley v. S.C.*, No. 9:07-1750-DCN-GCK, 2007 W.L. 257944 (D.S.C. Sept. 4, 2007). In the Report and Recommendation filed and approved in the *Harley* case, United States Magistrate Judge Kosko stated,

> Because the petitioner is in custody pursuant to the judgment of a state court, he cannot evade the procedural requirements of 28 U.S .C. § 2254 by filing an action purporting to be a § 2241 petition. *Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004). Section 2254 applies to a subset of those to whom § 2241(c)(3) applies, that is, " 'a person in custody *pursuant to the judgment of a state court'* who is 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Id.* at 786 (quoting 28 U.S.C. § 2254(a) (emphasis added)). If a person is in state custody pursuant to something other than a state court judgment, for example a state pre-trial bond order, then his habeas petition is not governed by § 2254. *Id.* at 787. If this were not the case, then "a state prisoner could simply opt out of its [2254] operation by choosing a different label for his petition." *Id.* (citing *Medberry v. Crosby,* 351 F.3d 1049 (11th Cir. 2003)). *Cf. Wade v. Robinson,* 327 F.3d 328, 331 (4th Cir. 2003) (2244(d)(1), the one year statute of limitations, "applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment").
>
> It appears that this petitioner desires to label his habeas petition as a § 2241 in his attempt to avoid the one year AEDPA statute of limitations placed upon § 2254 petitions and because he wishes to avoid procedural default rules that may arise because he failed to file a PCR petition with the South Carolina state courts. *See Woodford v. Ngo,* 126 S.Ct. 2378, 2387 (2006) (if a petitioner procedurally defaulted claims by failing to raise them for state court review "the prisoner generally is barred from asserting those claims in a federal habeas proceeding"). The petitioner failed to complete, sign, and return the § 2254 form, which this Court requested on July 2, 2007, and the petitioner objected to proceeding under § 2254. Unfortunately for petitioner, he cannot select a label for his habeas petition and thwart Congress' statutory rules governing habeas petitions. The record shows that the petitioner is in custody pursuant to a state court criminal judgment for trafficking cocaine, he alleges that his constitutional rights were violated, and

> he requests that his conviction be vacated by this action. Therefore, he should file a habeas petition pursuant to 28 U.S.C. § 2254.

2007 WL 257944, * 2-3 (footnote omitted).

The undersigned magistrate judge takes judicial notice of the Report and Recommendation (Entry 19) and the final Order (Entry 21) issued in *Harley*, Civil Action No. 9:07-1750-DCN-GCK. This case is subject to summary dismissal for the same reasons that the *Harley* case was subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970) where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Id*. at 1296; s*ee also U.S. v. Parker*, 956 F.2d 169, 171(8th Cir. 1992).

Petitioner's own statements in his objection document quoted above make it clear that he realizes that his Petition would be subject to summary dismissal for untimeliness were it considered under § 2254. Petitioner's unexplained failure to file a petition within one year of the date on which his convictions became final is clear from the face of the Petition, as supplemented by Petitioner's "objections" document. *See Day v. McDonough*, 547 U.S. 198 (2006); *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). He cannot be permitted to circumvent the § 2254 filing limitations by claiming that his Petition should be governed by § 2241.

**RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. See *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

                                          s/William M. Catoe
                                          United States Magistrate Judge

September 28, 2007

Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).