UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ANDRE ALSTON, | ) | Civil Action No.: 6:07-cv-2724-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN, LIEBER | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2241. This matter is before the court with the Report and Recommendation [Docket Entry #10] of Magistrate Judge William M. Catoe filed on September 28, 2007.[1] The Magistrate Judge recommended that the instant petition be dismissed without prejudice and without issuance and service of process. Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation on October 15, 2007.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with

---

[1] This matter was referred to Magistrate Judge Catoe pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id*.  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## **Discussion**

In his Report, the Magistrate Judge recommended that Petitioner's petition be summarily dismissed because none of Petitioner's claims are cognizable in a § 2241 habeas corpus case.  The Magistrate Judge found that Petitioner should have brought his case under 28 U.S.C. § 2254, and not § 2241.  However, if Petitioner filed an action under § 2254, it would be barred by the one-year statute of limitations applicable to § 2254.  *See* 28 U.S.C. § 2244(d).  The Magistrate Judge concluded that the instant petition should be dismissed because Petitioner could not circumvent the one-year statute of limitations by claiming that his petition should be governed by § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Harley v. South Carolina*, C.A. No. 9:07-cv-1750-DCN-GCK, 2007 WL 2579444 (D.S.C. Sept. 7, 2007).

Having reviewed the record and applicable law, the court agrees with the recommendation of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.  The court further finds that Petitioner's objections lack merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts the Report and Recommendation [Docket Entry #10] of the Magistrate Judge. This case is hereby **DISMISSED without prejudice** and without issuance and service of process.

**IT IS SO ORDERED**.

December 4, 2008  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge